John O. Vincent, Appellee, v. Hannah C. Vincent, Appellant.

**DIVORCE:** Defenses—Condonation. A formal agreement to withhold divorce proceedings pending the good conduct of .the other party to the marriage relation, followed by no resumption of the marriage relation, does not constitute condonation of existing grounds for divorce. (See Book of Anno., Vol. 1, Sec. 10475, Anno. 106 *et seq.*)

Headnote 1:   19 C. J. p. 85.

*Appeal from Lucas District Court.*—W. M. Walker, Judge.

FEBRUARY 9, 1926.

Action for divorce. The defendant filed a cross-bill. The court granted a decree of divorce to the plaintiff, and awarded him the custody of the minor child of the parties. The defendant appeals.—*Affirmed.*

*S. C. Hickman,* for appellant.

*Stuart & Stuart* and *J. A. Penick,* for appellee.

Faville, J.—The parties to this action were married November 17, 1913. Appellee is 35 years of age, and is employed as a brakeman by the Chicago, Rock Island & Pacific Railroad Company. Appellant is 28 years old. A daughter was born to said parties on March 28, 1916. The parties have lived in various places in this state, as appellee has been transferred in his work. Appellee's petition is based upon the charge of adultery, and appellant's cross-petition is predicated on a claim of cruel and inhuman treatment. The record shows that, early in the year 1924; appellee discovered that he was afflicted with a venereal disease, which the undisputed evidence shows he had contracted from appellant. After appellee discovered the situation, the parties had a quarrel respecting the matter, and fin-

ally, on February 11, 1924, they appeared before an attorney, who drew up a written instrument which was signed by both of the parties, and in said written instrument appellant admitted, under oath, that she had been guilty of adultery, and that she had contracted a venereal disease. The instrument provided that:

"The said J. O. Vincent will withhold the commencement of said action [for divorce] during the good behavior of said wife, and upon her promise that in the future she will never again commit adultery or in any other manner or form violate any of her marriage obligations."

Three days after this instrument was signed, appellant left her home, and went to Colorado Springs, to visit a sister. Appellee gave her $40 or $50 in money at that time, and knew of appellant's taking said trip. After she arrived at Colorado Springs, it appears, appellant wrote to appellee, but he did not reply to her letters; and on February 25th, his attorney sent an original notice of the commencement of this action to Colorado Springs. Appellant immediately returned to Chariton, where the parties were living. The parties have never resided together since said time.

It would serve no useful purpose for us to set out the evidence in this case *in extenso.* There is an abundance to establish the fact of adultery on the part of appellant, not only by her own admission in the written instrument referred to, but by corroboration thereof. Appellant contends that appellee, by the signing of the said instrument and the language therein used, as quoted above, condoned the act of adultery, and cannot maintain an action for divorce predicated on said charge. Appellant is in error in this contention. The undisputed evidence shows that, after appellee discovered that his wife had been guilty of adultery, the parties never cohabited or resumed the marital relation in any way. The conditional promise, without legal consideration, to withhold the commencement of a divorce action was not, in and of itself, a condonation of the act of adultery so as to bar appellee of the right to institute and maintain said action for divorce, predicated thereon.

We have examined the record with care. The evidence in

behalf of appellee is ample to sustain the decree of the lower court.

The trial court awarded the custody of the minor daughter of said parties to appellee, and of this appellant makes complaint. We are content to acquiesce in the conclusion of the trial court in regard to this matter. We are satisfied from the record that the best interests of this child will be subserved by awarding its custody to appellee, who is in a position to care for the same and to rear the said child in a good home. The provisions of the decree affording appellant opportunity to visit the child meet with our approval.

The court did not err in dismissing appellant's cross-petition.

Upon a careful consideration of the entire case, we reach the conclusion that the decree of the district court should be in all respects affirmed. It is so ordered.—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.